UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

ORLANDO HAYDEN,

    Plaintiff,

                                       Case Number  1:17-cv-151-GNS

v.

BLUEGRASS CELLULAR, INC.,

    Defendant.
_____/

## Complaint & Jury Demand

1. The Plaintiff, Orlando Hayden, sues Defendant, Bluegrass Cellular, Inc., pursuant to 29 U.S.C. § 216(b) and KRS 337.385(1) for unpaid overtime.

2. Plaintiff resides in Glasgow, Kentucky. He began working for Defendant in 2004 and was recently terminated.

3. Defendant conducts business in Barren and Warren, among other, counties in Kentucky.

4. Plaintiff worked for more than forty (40) hours in one or more workweeks without receiving overtime pay.

5. Plaintiff's last title was Data Network Engineer II.

6. Plaintiff's work was highly dependent upon, and facilitated by, the use of computers and computer software programs.

7. Plaintiff did not primarily engage in computer systems analysis and programming.

8. Defendant provides cellular services in Kentucky and surrounding areas.

9. Plaintiff produced Defendant's product through system checks in the field and office.

10. For instance, Plaintiff would drive to Muhlenberg County with his laptop and cell phone to determine if Defendant's product would call 911 from a farm.

11. Defendant would not pay Plaintiff premium compensation for hours worked over forty.

12. Plaintiff did not supervise two or more employees.

13. Plaintiff did not have the authority to hire or fire employees.

14. In many ways Plaintiff was Defendant's "Can You Hear Me Now" guy that Verizon utilized in commercials for many years and now does commercials for Sprint.

15. Defendant does not require a degree for Plaintiff's position.

16. Defendant expected that Plaintiff would perform work from home, while driving and from the corporate office in Elizabethtown, Kentucky.

17. Defendant employs employees that are individually covered by the Fair Labor Standards Act.

18. Defendant employs employees that handle goods or materials that have moved in interstate commerce such as cell phones, computers, paper, pen, printers and vehicles.

19. Defendant has annual gross revenues of over $500,000.00.

20. Defendant is a for profit corporation.

21. Defendant is an enterprise engaged in commerce.

22. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

23. Defendant was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

24. Defendant had the ability to determine how many hours Plaintiff worked week by week.

25. Defendant knew that Plaintiff worked over forty hours a week without overtime compensation.

26. Plaintiff was not paid time and half his regular hourly rate for all hours worked over forty in a workweek.

27. Defendant owes Plaintiff overtime pursuant to 29 U.S.C. § 207(a)(1).

28. Defendant willfully violated the FLSA.

29. Defendant acted in reckless disregard of federal and state overtime laws.

30. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) over Count I.

31. The Honorable Court has supplemental jurisdiction over Count II.

32. The facts under both counts are interrelated.

33. Venue is appropriate in Bowling Green, Kentucky because Plaintiff worked much of his time in Barren and Warren Counties.

### Count I – FLSA

34. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

35. Plaintiff worked overtime for Defendant without receiving contemporaneous overtime pay.

36. Defendant owes Plaintiff unpaid overtime.

Wherefore, Plaintiff demands trial by jury, unpaid overtime, liquidated damages, judgment, attorneys' fees, costs and a declaration that Data Network Engineers are entitled to overtime.

### Count II - KRS

37. Plaintiff reincorporates paragraphs 1 through 33 as if fully stated herein.

38. Plaintiff worked overtime for Defendant without receiving contemporaneous overtime pay.

39. Defendant owes Plaintiff unpaid overtime.

Wherefore, Plaintiff demands trial by jury, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 30th day of August 2017,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)286-8368
Email – bmazaheri@forthepeople.com